NUMBER 13-10-00244-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

ROGELIO CAMPOS, Appellant,


v.

 

THE STATE OF TEXAS, Appellee.

 


On appeal from the 105th District Court

of Kleberg County, Texas.

 


 MEMORANDUM OPINION

 

Before Chief Justice Valdez and Justices Rodriguez and Vela


 Memorandum Opinion by Chief Justice Valdez
 

 Appellant, Rogelio Campos, was charged by indictment with unlawful possession
of more than four ounces but less than five pounds of marihuana, a state-jail felony. See
Tex. Health & Safety Code Ann. § 481.121(a), (b)(3) (Vernon 2010). Pursuant to a plea
agreement with the State, Campos pleaded guilty to the offense. The trial court accepted
Campos's plea, placed him on community supervision for two years, and assessed a $750
fine and $327 in court costs.

 On September 30, 2009, the State filed a motion to revoke Campos's community
supervision, alleging that Campos had violated numerous provisions of his community
supervision. (1) Thereafter, the trial court conducted a hearing on the State's motion to
revoke. At the hearing, Campos pleaded "true" to most of the allegations contained in the
State's motion to revoke. The trial court accepted Campos's pleas of "true," concluded that
he had violated the terms of his community supervision, sentenced him to two years'
confinement in the state-jail division of the Texas Department of Criminal Justice, and
imposed a $750 fine. In addition, the trial court certified Campos's right to appeal, and this
appeal followed. We affirm. 

I. Anders Brief

 Pursuant to Anders v. California, 386 U.S. 738, 744 (1967), Campos's
court-appointed appellate counsel has filed a brief with this Court, stating that his review
of the record yielded no grounds or error upon which an appeal can be predicated. In his
brief, counsel advances three potential arguable "issues of law" but later concludes that
each of these "issues of law" lack merit. (2) Counsel's brief meets the requirements of
Anders as it presents a professional evaluation showing why there are no non-frivolous
grounds for advancing in appeal. See In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex.
Crim. App. 2008) ("In Texas, an Anders brief need not specifically advance 'arguable'
points of error if counsel finds none, but it must provide record references to the facts and
procedural history and set out pertinent legal authorities.") (citing Hawkins v. State, 112
S.W.3d 340, 343-44 (Tex. App.-Corpus Christi 2003, no pet.)); Stafford v. State, 813
S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). 

 In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.]
1978), Campos's counsel has carefully discussed why, under controlling authority, there
are no errors in the trial court's judgment. Counsel has informed this Court that he has: 
(1) examined the record and found no arguable grounds to advance in this appeal, (2)
served copies of the brief and counsel's motion to withdraw on Campos, and (3) informed
Campos of his right to review the record and to file a pro se response. (3) See Anders, 386
U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see also In re Schulman, 252 S.W.3d at 409
n.23. More than an adequate period of time has passed, and Campos has not filed a pro
se response. See In re Schulman, 252 S.W.3d at 409.

II. Independent Review 

 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the entire record and counsel's brief and have found
nothing that would arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824,
826-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the
opinion that it considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirement of Texas Rule
of Appellate Procedure 47.1."); Stafford, 813 S.W.2d at 509. Accordingly, we affirm the
judgment of the trial court.

III. Motion to Withdraw

 In accordance with Anders, Campos's attorney has asked this Court for permission
to withdraw as counsel. See Anders, 386 U.S. at 744; see also In re Schulman, 252
S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex. App.-Dallas
1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must
withdraw from representing the appellant. To withdraw from representation, the appointed
attorney must file a motion to withdraw accompanied by a brief showing the appellate court
that the appeal is frivolous") (citations omitted)). We grant counsel's motion to withdraw. 
Within five days of the date of this Court's opinion, counsel is ordered to send a copy of
the opinion and judgment to Campos and advise him of his right to file a petition for
discretionary review. (4) See Tex. R. App. P. 48.4; see also In re Schulman, 252 S.W.3d at
412 n.35; Ex parte Owens, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006). 


 ________________________

 ROGELIO VALDEZ

 Chief Justice

 

Do not publish. 

Tex. R. App. P. 47.2(b)

Delivered and filed the 

21st day of October, 2010. 
1. Among the allegations supporting its request for the revocation of Campos's community supervision,
the State asserted that Campos had unlawfully possessed a controlled substance on three separate
occasions--June 26, 2009, September 11, 2009, and September 21, 2009--and had engaged in domestic
violence on September 21, 2009.
2. The three arguable "issues of law" that counsel advances on appeal and later concludes are
meritless are: (1) whether Campos knowingly and voluntarily entered his pleas of "true" to the allegations
contained in the State's motion to revoke; (2) whether the evidence was sufficient to establish that Campos
had violated his community supervision; and (3) whether the punishment assessed by the trial court was within
statutory limits.
3. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the
rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting
Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
4. No substitute counsel will be appointed. Should Campos wish to seek further review of this case
by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary
review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within
thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this
Court. See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this Court, after which
it will be forwarded to the Texas Court of Criminal Appeals. See Tex. R. App. P. 68.3; 68.7. Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 68.4.